IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR HOME CARE & HOSPICE,<br><br>*Plaintiff,*<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services,<br><br>*Defendant.* | No. 1:23-cv-1942 (TNM) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

NAHC's motion for leave to file a sur-reply, ECF No. 23 ("Mot."), is a thinly veiled attempt to seize the last word after the parties agreed to a standard four-brief summary judgment schedule. *See* Jt. Mot. to Hold Deadline to Respond to Compl. in Abeyance & to Set Briefing Sched., ECF No. 13 (Sept. 1, 2023). NAHC fails to acknowledge that "[s]ur-replies are generally disfavored," *Gallo v. District of Columbia*, 610 F. Supp. 3d 73, 91 n.8 (D.D.C. 2022), or that "[t]he standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply," *Doherty v. Turner Broad. Sys., Inc.*, 2021 WL 326447, at *9 n.11 (D.D.C. Feb. 1, 2021) (quotation omitted). NAHC's request clearly fails to meet that standard.

First, NAHC objects that CMS addressed the merits in its reply. Mot. at 1. But CMS cross-moved for summary judgment on the grounds that it "properly implemented Congress's directives in the Bipartisan Budget Act of 2018 in all respects," ECF No. 18-1 at 2; *of course* its

1

reply in support of that motion addressed the merits. More importantly, NAHC cannot seriously contend that it lacked a fair opportunity to address the merits in its first two briefs.

Second, NAHC asserts that CMS's reply brief raised new arguments on jurisdiction, so it should get to respond. Mot. at 2. Left forgotten is NAHC's insistence that parties be allowed to have the last word on arguments they first presented. And rather than respond solely to those purportedly "new" arguments, NAHC's proposed sur-reply goes point-by-point on nearly every issue presented by this case. In any event, CMS's arguments were far from new. CMS's reply brief simply reiterated that NAHC's challenge involves statutory provisions that are encompassed within Section 1395fff(d)'s review bar and that NAHC's members have failed to exhaust their claims—including by pursuing the congressionally mandated expedited judicial review process, a lapse that NAHC *still* does not even *try* to explain in its sur-reply.

Third, NAHC claims that it should be allowed to save pages for a sur-reply that it did not use for its first two briefs. Mot. at 2; *see* LCvR 7(e) (providing a 45-page limit). The merits of that contention aside, it has nothing to do with any purportedly new arguments in CMS's reply.

Rather than attempt to file a sur-sur-reply, CMS would simply note that NAHC's sur-reply is, again, long on rhetoric and short on reasoning. CMS did not accuse NAHC's members of "slacking off," a phrase that appeared in a hypothetical; seek to "penaliz[e]" home health agencies; or "ascrib[e] misconduct" to the home health industry. Sur-Reply at 6-7. CMS simply implemented a behavior-change adjustment to the prospective payment rate in light of the fact that NAHC's members—by NAHC's *own admission*, *see* ECF No. 18-1 at 35-36—were providing fewer services than CMS estimated when it calculated that rate in the first place. That decision fully complied with the Bipartisan Budget Act of 2018 and should be upheld.

Dated: March 8, 2024                             Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney General

                                                 ERIC B. BECKENHAUER
                                                 Assistant Director

                                                 */s/ John T. Lewis*
                                                 JOHN T. LEWIS (D.C. Bar No. 1033826)
                                                 Trial Attorney
                                                 U.S. Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L Street NW
                                                 Washington, D.C. 20530
                                                 Tel: (202) 353-0533
                                                 Fax: (202) 616-8460
                                                 E-mail: john.t.lewis.iii@usdoj.gov

                                                 *Attorneys for Defendant*